FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 2 0 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

ALEX VARGAS,

              Plaintiff,

        -against-

PETER T. ROACH &
ASSOCIATES, P.C. and
WILLIAM GEORGE GOODE,

              Defendants.

-------------------------------------------------------X

No:

**10   3842**

JURY DEMANDED

GARAUFIS, J.

LEVY, M.J

## Complaint

### *Introduction*

1.    Plaintiff Alex Vargas is a consumer who has been subjected to Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices.

### *Jurisdiction and Venue*

2.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

4.    Venue is proper in this district under 28 U.S.C. § 1391(b), because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

1

*Parties*

5.      Plaintiff Alex Vargas (Plaintiff or Vargas) is a citizen of New York State who resides within this District.

6.      Vargas is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

7.      Defendant Peter T. Roach & Associates, P.C. (Roach) is a law firm engaged in the business of collecting debts in New York State.

8.      Roach's principal place of business is located at 125 Michael Drive, Suite 105, Syosset, New York 11791.

9.      Upon information and belief, Roach's principal purpose is the collection of debts using the mails and telephone.

10.     Upon information and belief, Roach regularly attempts to collect debts alleged to be due another using the mails and telephone.

11.     Defendant Roach is a "debt collector," as defined by FDCPA § 1692a(6).

12.     Defendant William George Goode is an attorney who works as an agent, officer or employee of Roach and is engaged in the business of collecting debts in New York State.

13.     Goode's principal place of business is located at 125 Michael Drive, Suite 105, Syosset, New York 11791.

14.     Upon information and belief, Goode's principal purpose is the collection of debts using the mails and telephone.

2

15.    Upon information and belief, Goode regularly attempts to collect debts alleged to be due another using the mails and telephone.

16.    Defendant Goode is a "debt collector," as defined by FDCPA § 1692a(6).

### Factual Allegations

17.    On or about August 21, 2009, Defendants Roach and Goode (collectively, Defendants) mailed a letter to Plaintiff Vargas demanding payment of $3,829.30 that was allegedly owed to CITIBANK (SOUTH DAKOTA), NA.  A copy of the letter dated August 21, 2009 is attached as Exhibit A.

18.    The letter dated August 21, 2009, Exhibit A, was Defendants' initial communication with Vargas.

19.    Exhibit A contains a notice giving Vargas 30 days from receipt in which to dispute the validity of all or a portion of the alleged debt.

20.    Upon information and belief, Exhibit A is a form letter.

21.    Upon information and belief, Defendants send form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in New York State.

22.    On or about September 9, 2009, Defendants sent Vargas a second letter in which they offered two settlement options.

23.    In the same letter dated September 9, 2009, a copy of which is attached as Exhibit B, Defendants demanded that Vargas:

> Please call us immediately to avoid being served with a
> summons and complaint which may result in a judgment
> being entered against you.  If a judgment is entered
> against you it may include court costs, legal fees and

3

> interest accruing from the date the judgment is entered.
> We sincerely hope that you will call us immediately and
> take advantage of these options.

24.     Neither the Defendants nor the originating creditor, Citibank (South

Dakota), NA, has filed a lawsuit against Vargas.

25.     Upon information and belief, Exhibits A and B are form letters.

26.     Upon information and belief, Defendants send form letters containing

language substantially similar or materially identical to that contained in Exhibits

A and B to hundreds of consumers in New York.

27.     Upon information and belief, Defendants send form letters containing

language substantially similar or materially identical to that contained in Exhibits

A and B to hundreds of consumers across the United States.

28.     Upon information and belief, neither Goode nor any attorney

associated with Defendants performs any meaningful review of account files before

sending collection letters substantially similar or materially identical to the letter

attached as Exhibits A and B.

29.     The alleged debt that Defendants sought to collect from Plaintiff arose

out of transactions that were incurred primarily for personal, family, or household

purposes.

30.     The alleged debt that Defendants sought to collect from Plaintiff is a

"debt," as that term is defined by § 1692a(5) of the FDCPA.

4

## COUNT I

### Violations of § 1692e, f, and g of the
### Fair Debt Collection Practices Act, and their subsections

31.    Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

32.    Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

#### *Deceptively implying there was a meaningful review by an attorney*

33.    Defendants fail to perform a meaningful review of consumer accounts before allowing consumer collection letters to be sent on Roach letterhead.

34.    FDPCA § 1692e provides, in relevant part.

> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section …*
>
> *        *        *
>
> (3)    *The false representation or implication that any individual is an attorney or that any communication is from an attorney.*
>
> *        *        *
>
> (10)    *The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

35.    On information and belief, Defendants send out hundreds of letters under Roach attorney letterhead.

36.    On information and belief, Defendants use a mechanized, computer-driven process to send these letters.

37.     Most variable information (such as the name of the creditor, the alleged amount due, and the name of the consumer) is inserted into pre-defined fields by a word processor or other computer-driven document-assembly software.

38.     On information and belief, the information fed into the pre-defined fields is derived from a magnetic tape or other electronic-transfer means without the need for Defendants or any employee of Defendants to actually manually enter or review the data.

39.     Upon information and belief, the information to be inserted in these fields is sent to Defendants *en masse*, as electronically stored information, via modem or other computer-readable format, or is manually input by clerks employed by or acting on behalf of Defendants.

40.     The letters are then created directly from this electronically stored information.

41.     Defendant Roach does not act as a law firm or as attorneys in any meaningful sense of the word.

42.     Defendant Goode does not act as an attorney in any meaningful sense of the word.

43.     On information and belief, no attorney meaningfully reviews or authorizes any particular letter before it is sent.

44.     The only possible attorney involvement is that someone may review the form of letter sent and define some general parameters as to the intended recipients.

6

45.     Then, the process is delegated to a computer and clerical workers employed by or acting on behalf of Defendants.

46.     Defendants violated Sections 1692e, 1692e(3) and 1692e(10) of the FDCPA by sending the collection letters attached as Exhibits A and B to Vargas.

47.     Exhibits A and B deceptively purport to be "from an attorney" when in fact the letter, which is on attorney-letterhead, is not from an attorney in any meaningful sense.

48.     No attorney meaningfully reviews the file, makes determinations about the legal validity of the debt or interacts with the consumer before the letters are sent.

49.     Roach masquerades as a "law firm" by using the power and leverage of its attorney letterhead to collect debts from consumers.

50.     Goode masquerades as an "attorney" by using the power and leverage of Roach's attorney letterhead to collect debts from consumers.

51.     Through the use of collection letters such as the one sent to Plaintiff on "attorney letterhead," Defendants deceptively imply to the least sophisticated consumer that an attorney is meaningfully involved in collecting on his or her account.

52.     Because Defendants jointly and severally violated the FDCPA, Vargas is entitled to damages in accordance with the FDCPA.

## *Defendants' Violations of §1692e, e(5) and e(10)*

53.     Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

54.     Section 1692e of the FDCPA states that a debt collector cannot "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

55.     Sections 1692e(5) and e(10) state that a debt collector cannot "threaten to take any action that is not intended to be taken" and cannot use "any false representation or deceptive means to collect or attempt to collect any debt."

56.     Section 807(5) of the Federal Trade Commission commentary to the FDCPA states in relevant part that:

> A debt collector may not state <u>or imply</u> that he or any third party <u>may</u> take any action <u>unless</u> such action is legal and <u>there is a reasonable likelihood</u>, at the time the statement is made, that such action will be taken. A debt collector may state that certain action is possible, <u>if it is true</u> that such action is legal and <u>is frequently taken</u> by the collector or creditor <u>with respect to similar debts</u>; however, if the debt collector has reason to know there are facts that make the action unlikely in the particular case, <u>a statement that the action was possible would be misleading.</u>
>
> &ast; &ast; &ast;
>
> A debt collector's <u>implication</u>, as well as a direct statement, of planned legal action may be an unlawful deception. For example, <u>reference to an attorney or to legal proceedings may mislead the debtor as to the likelihood or imminence of legal action.</u>
>
> &ast; &ast; &ast;

8

> Lack of intent may be inferred <u>when the amount of the debt is so small as to make the action totally unfeasible</u> or when the debt collector is unable to take the action because the creditor has not authorized him to do so.

57.     On information and belief, the same form letter threatening suit, <u>Exhibit B</u>, is mailed to consumers without any appraisal being made, at the time of mailing, to determine whether litigation on the alleged debt should be recommended.

58.     The form letter mailed to Vargas on or about September 9, 2009 was mailed to other consumers in a computer-generated series of letters, based upon the type of collection package purchased.

59.     On information and belief, at the time that Defendants mailed the form letter attached as <u>Exhibit B</u> to Vargas on or about September 9, 2009, Defendants did not intend to litigate the alleged debt and in fact, performed no meaningful review of the debt necessary to form such an intention.

60.     On information and belief, at the time that Defendants mailed the letter sent to Vargas on or about September 9, 2009, Defendants' practice was <u>not</u> to earnestly recommend that the creditor pursue litigation.

61.     Defendants' collection letters, in the form represented by <u>Exhibit B</u>, is in violation of the FDCPA because it threatens the least sophisticated consumer with the imminent likelihood of a lawsuit when such action is not intended to be taken nor likely to ever be taken.

62.     Defendants' form letter sent to Vargas on or about September 9, 2009, violates the FDCPA in that it is Defendants' practice to mail such letters: (1)

regardless of the size of the debt; (2) in spite of the impracticability of the creditor commencing litigation; and (3) regardless of whether the creditor has authorized Defendants or any other attorneys to proceed with a lawsuit based upon Defendants' recommendation.

63.     Defendants' use of the form letter sent to Vargas on or about September 9, 2009, violates FDCPA §§ 1692e, e(5), and e(10) in that it attempts to create the belief in the least sophisticated consumer that there is a realistic likelihood he or she will face imminent litigation.

64.     Defendants are liable to Vargas for violating FDCPA §§ 1692e, e(5), and e(10).

### *Violations of §1692g – Overshadowing*

65.     Section 1692g of the FDCPA either requires that a debt collector include a validation notice with, or send it within 5 days of, the initial communication from the debt collector to the consumer.

66.     This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, request verification of a debt, or obtain certain information about the creditor within 30 days after receipt of the notice.

67.     Under federal law, this validation notice must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the least sophisticated consumer.

10

68.     Defendants violated Section 1692g of the FDCPA and overshadowed, confounded and diluted the thirty-day validation notice by demanding immediate payment, under threat of litigation, within the thirty-day validation period.

69.     Defendants are liable to Vargas for violating §1692g of the FDCPA.

### Demand for Jury Trial

70.     Plaintiff demands a trial by Jury.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court grant the following relief, jointly and severally, in his favor against Defendants Peter T. Roach & Associates, P.C. and William George Goode:

a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692k;

b)     Attorneys' fees, litigation expenses and costs incurred in bringing this action;

c)     A declaration that Defendants' form collection letters, represented by the ones attached as Exhibits A and B, violate the FDCPA; and

d)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated:     New York, New York
           August 20, 2010

Respectfully submitted,

By: _____
    Brian L. Bromberg
    One of Plaintiff's Attorneys

11

Attorneys for Plaintiff
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY  10005
(212) 248-7906

M. Harvey Rephen
M. Harvey Rephen & Associates, P.C.
708 Third Ave, 6th Floor
New York, NY 10017
(212) 796-0930

12

# Exhibit A

# Peter T. Roach & Associates, P.C

### Attorneys at Law
125 Michael Drive, Suite 105
Syosset, NY  11791

Telephone (516) 938-3100
Facsimile (516) 931-4403
www.roachlawfirm.com

NYC Department of Consumer Affairs License No: 1256302

Peter T. Roach

Jonathan I. Ullmann
William G. Goode
David L. Robinson
En-Chia Anna Lin*

*Also admitted in New Jersey

August 21, 2009

ALEX VARGAS
PO BOX 240433
BROOKLYN NY 11224-0433

> RE:     Claimant: CITIBANK(SOUTH DAKOTA),NA
> Balance Due: $3,829.30
> Account Number: ***********1162
> File Number: 09-01461

Dear Mr. VARGAS:

We have been retained as attorneys for the above listed claimant to secure payment of the outstanding balance due on the above listed account.  Please send the amount indicated above to our office, or contact us at the above telephone number to discuss a resolution of this matter.

Despite this demand, you have the right to dispute the claim.  However, if you do not dispute the validity of this debt or any portion thereof within thirty (30) days after your receipt of this notice, this office will assume that this debt is valid. If you notify this office in writing that this debt or any portion thereof is disputed within the aforementioned 30-day period, we will mail you verification of the debt.  In addition, we will provide you with the name and address of the original creditor, if different from the current creditor.

**Make your certified check or money order payable to Citibank (South Dakota), N.A., and forward it to Peter T Roach and Associates, P.C., 125 Michael Drive, Suite 105, Syosset, New York 11791.**  Please be sure to include the file or account number listed above on all correspondence and payments to ensure the proper handling and crediting of your account.

Very truly yours,

William G Goode

### THIS COMMUNICATION IS FROM A DEBT COLLECTOR
### AND IS AN ATTEMPT TO COLLECT A DEBT.
### ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# Exhibit B

# Peter T. Roach & Associates, P.C

Attorneys at Law
125 Michael Drive, Suite 105
Syosset, NY 11791

Telephone (516) 938-3100
Facsimile (516) 931-4403
www.roachlawfirm.com

NYC Department of Consumer Affairs License No: 1256302

Peter T. Roach

Jonathan I. Ullmann
William G. Goode
David L. Robinson
En-Chia Anna Lin*

*Also admitted in New Jersey

September 9, 2009

ALEX VARGAS
PO BOX 240433
BROOKLYN NY 11224-0433

RE:   Creditor: CITIBANK(SOUTH DAKOTA),NA
      Balance Due: $3,829.30
      Account Number: ***********1162
      File Number: 09-01461

Dear Mr. VARGAS:

As you are aware, we have been retained as attorneys for the above listed claimant to secure payment of the outstanding balance due on the above listed account. We have made several attempts to reach you by phone to discuss the balance due. We understand that you may be having financial difficulties. Notwithstanding our prior demand for payment, we are willing to offer you options for repaying this debt within the parameters our client permits. If it is your intention to eventually pay this, perhaps you should consider the following options:

OPTION 1:     A settlement in an amount of $2,871.98 which can be made in multiple payments.

OPTION 2:     Monthly payments of $106.37 until your balance is paid in full or until you agree to settle this debt in another manner.

Please call us immediately to avoid being served with a summons and complaint which may result in a judgement being entered against you. If a judgment is entered against you it may include court costs, legal fees and interest accruing from the date the judgment is entered. We sincerely hope that you will call us immediately and take advantage of these options.

Please be advised that any settlement write-off over $600.00 may be reported to the Internal Revenue Service by our client.

Very truly yours,

William G Goode

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR
AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**